Annie S. CRAFT, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. AC/1248.

United States District Court
E. D. South Carolina,
Columbia Division.

Feb. 4, 1965.

Sidney D. Duncan, Henry Hammer, Columbia, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., George E. Lewis, Asst. U. S. Atty., Columbia, S. C., for defendant.

WYCHE, District Judge (sitting by designation).

This is an action under the Federal Tort Claims Act in which plaintiff seeks to recover damages for personal injuries from a fall alleged to have been caused by the carelessness, gross negligence, wilfulness and wantonness of the defendant, in the Recreation Room of the Veterans' Administration Hospital in Columbia, South Carolina, on November 16, 1961.

This case was tried by me without a jury.

Pursuant to Rule 52(a), Rules of Civil Procedure, I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

### FINDINGS OF FACT

Plaintiff at the time of the trial was sixty-nine years of age. On November 16, 1961, plaintiff, along with two friends, went to the Veterans' Administration Hospital in Columbia, South Carolina, for the purpose of visiting a patient.

Upon arrival at the Veterans' Administration Hospital they were advised that the patient they wished to see was in the Recreation Room and they thereupon went to the Recreation Room.

Upon arriving at the Recreation Room plaintiff and her two friends were unable to find chairs to sit upon and someone brought two chairs and a folding checkerboard table. Plaintiff's two friends sat upon the two chairs and

plaintiff sat down on the checkerboard table and it collapsed and she received personal injuries.

Neither plaintiff nor her friends knew who furnished them the two chairs and the checkerboard table, and there was no evidence introduced in the case as to the identity of the person who did.

The checkerboard table was shaky. During the trial it was produced in evidence and one of the attorneys for the plaintiff sat upon the checkerboard table after it had been unfolded properly so as to make it strong enough for him to sit upon it without its collapsing, indicating to me that if the checkerboard table had been unfolded properly it would not have collapsed when plaintiff sat down upon it. The checkerboard table is higher than an ordinary chair and could not be mistaken for a stool. The checkerboard table was stored in a storage room with some chairs and was used by the patients to play checkers on, while sitting around it in chairs.

After the accident plaintiff was directed to the office of the Medical Officer of the Day but she was unable to see the doctor on that evening. Approximately two days later she returned to the Veterans' Administration Hospital, was x-rayed and received medical advice and treatment for her injuries. Thereafter for a period of several months, she received treatment periodically from the Veterans' Administration Hospital until she was advised that treatment could no longer be rendered.

Plaintiff subsequently underwent an operation for varicose veins.

The activities being carried on in the Recreation Room of the Veterans' Administration Hospital on the night of the accident were conducted by volunteers. On this particular night the Red Cross was handling the entertainment and the only Government employee present was the Supervisor Willie V. Jowers, Sr. There were no other Government employees on duty on the night of the accident.

The accident was not brought to the attention of Willie V. Jowers, Sr. and he knew nothing about it. He did not furnish the chairs and the checkerboard table to the plaintiff and her friends nor did he direct anyone else to do so.

There was a large number of permanent type chairs which remained in the Recreation Room and on the nights that they had entertainment or games of any kind, extra chairs of a folding type were furnished. They were set up by a crew late in the afternoon and were returned to the storage room the next morning by the cleanup crew.

Under the foregoing facts, it is my opinion that the plaintiff is not entitled to recover in this action.

## CONCLUSIONS OF LAW

This Court has jurisdiction of the parties and of the subject matter in this case.

■ The general rule in South Carolina seems to require nothing more than ordinary good conduct on the part of the owner in the use of his property to the end that injury to his neighbor or anyone else may be avoided. That is, the owner of property is held to ordinary care to avoid injury to one who enters his premises by invitation expressed or implied. Matthews v. S. A. L. Railway, 67 S.C. 499, 46 S.E. 335, 338, 65 L.R.A. 286; Smiley v. Southern R. Co., 184 S.C. 130, 191 S.E. 895. The Matthews Case was decided on November 27, 1903, in a careful and exhaustive opinion by Judge C. A. Woods of Marion, who was a member of the South Carolina Supreme Court at the time he wrote this opinion, and who later, by appointment, became a distinguished member of the Federal Court of Appeals for the Fourth Judicial Circuit. The Matthews Case has always been accepted by the bench and the bar of South Carolina, as the final word upon this subject of the law and is quoted in the Smiley Case by the Supreme Court of South Carolina, to sustain the rule to be followed in such a case as the one I have before me.

■ Defendant is not guilty of any negligence which resulted in the in-

juries complained of. There being no proof of any negligent act on the part of the defendant or any Government agent acting within the scope of his or her employment, judgment must be for the defendant.

Even if it be concluded that the defendant was in any way negligent or in any way failed to exercise ordinary care, the plaintiff was also negligent in attempting to sit on the folding checkerboard table which was obviously not constructed for use as a chair or stool and one need only to place a hand upon it to be apprised of its unsteadiness. It was quite apparent that the checkerboard table was shaky when unfolded and was not intended to be, used as a stool or chair. Any attempt by plaintiff to use the checkerboard table as a stool or chair was negligence which contributed to her injuries as a proximate cause thereof and without which the accident would not have happened.

For the foregoing reasons, I must conclude that judgment should be entered for the defendant, and

It is so ordered.